IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Anthony Hargett, | ) | C/A NO. 9:07-832-CMC-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Federal Bureau of Prisons and | ) | |
| the United States of America, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter is before the court on Plaintiff's *pro se* complaint which alleges a violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*.

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(f), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation ("Report"). On October 5, 2007, the Magistrate Judge issued a Report recommending that the Federal Bureau of Prisons be dismissed from this action and that the United States' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on October 24, 2007.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff contends in his objections that all of his personal items were not included in the two batches of items for which he signed after his placement in the Special Housing Unit (SHU). However, for the reasons stated by the Magistrate Judge in his Report, Plaintiff is bound by his signatures on the Inventory Records indicating that all of his property had been returned.

The Federal Bureau of Prisons shall be dismissed from this case and the United States' motion for summary judgment is hereby **granted**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\07-832 Hargett v. BOP e adopt rr gr sumjgm FCTA.wpd